IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1203 |
| THIS DOCUMENT RELATES TO: JUDY VELARDE v. A.H. ROBINS COMPANY, INC., et al. | NO. 98-20200 |

**MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO.**

Bartle, C.J.                                                            December 4, 2009

        Before the curt is the motion of Wyeth[1] to enforce the Diet Drug Nationwide Class Action Settlement Agreement ("Settlement Agreement") against Class Member Judy Velarde.

        Wyeth maintains that the claims of Ms. Velarde should be dismissed because she revoked her initial opt-out from the Settlement Agreement and, accordingly, is barred pursuant to Pretrial Order ("PTO") No. 1415 from asserting any Settled

---

1. Prior to March 11, 2002, Wyeth was known as American Home Products Corporation ("AHP").

Claims[2] against Wyeth or any other Released Party.  Ms. Velarde has not submitted a response to this motion.

I.

Ms. Velarde, a citizen of Utah, filed suit on November 7, 1997 in the United States District Court for the District of Utah for injuries she allegedly sustained after ingesting diet drugs.  An amended complaint was filed on December 11, 1997 and the Judicial Panel on Multi-District Litigation transferred the case to MDL No. 1203 in February of 1998.  In her amended complaint, Ms. Velarde claims to suffer from shortness of breath, swollen ankles and legs, clinical depression, anxiety and severe emotional distress.

On February 10, 2000, Ms. Velarde signed a completed Orange Form #1, which is the form to be "used by any person who wants to exercise initial opt-out rights and be excluded from the settlement with American Home Products Corporation."  According to Wyeth, Ms. Velarde subsequently requested to revoke her initial opt-out on August 13, 2001.[3]  On August 14, 2001, Orran

---

2. The Settlement Agreement, which was approved in PTO No. 1415, generally defines "Settled Claims" as "[a]ny and all claims ... by any or all members of the Settlement Class arising out of or relating to the purchase, use, manufacture, sale, dispensing, distribution, promotion, marketing, clinical investigation, administration, regulatory approval, prescription, ingestion, and labeling of Pondimin® and/or Redux™ ...."  Settled Claims do not include claims based on Primary Pulmonary Hypertension ("PPH").

3. Pursuant to the Settlement Agreement, a class member "may revoke an election to exercise a right of Initial Opt-Out and thereby receive the benefits of the Settlement, provided that the
(continued...)

Brown, counsel for AHP, wrote to James Esparza and Beth Laddaga, counsel for Ms. Velarde, to confirm Wyeth's consent to Ms. Velarde's request to revoke her initial opt-out and her eligibility to seek benefits under the Settlement Agreement. In August of 2002, Ms. Velarde completed a Blue Form, which is used by Class Members to register for benefits under the Settlement Agreement.

II.

Wyeth maintains that the claims asserted by Ms. Velarde are barred by PTO No. 1415 because she revoked her initial opt-out. PTO No. 1415 requires the dismissal of claims by class members who did not timely and properly opt-out of the Settlement Agreement. As stated in PTO No. 1415:

> Effective upon Final Judicial Approval, the Settlement Agreement will release all Settled Claims against Released Parties. (Ex. P-3 at 119 of 148.) Settled Claims are those claims by class members arising out of or relating to the purchase, use, manufacture, sale, dispensing, distribution, promotion, marketing, clinical investigation, administration, regulatory approval, prescription, ingestion and labeling of Pondimin and/or Redux, except claims based upon PPH and claims that are subject to validly exercised rights of opt-out under the Settlement Agreement. (Ex. P-3 at 17-18 of 148.) Class members are barred from

---

3.(...continued)
revocation takes place with the written consent of [Wyeth]...." Wyeth is unable to locate a copy of Ms. Velarde's request to revoke her initial opt-out. However, Wyeth has submitted a Declaration from Scott Monroe, an attorney with BrownGreer, attesting that Ms. Velarde did request a revocation. BrownGreer received copies of all opt-out notices and consolidated these notices into a single database.

> asserting any Settled Claim against AHP or any other Released Party except those class members who timely and properly exercise opt-out rights.

PTO No. 1415 at 71.

Here, Ms. Velarde filed an Orange Form seeking to exercise her initial opt-out right and be excluded from the Settlement Agreement. However, she subsequently revoked her opt-out and registered for benefits with the Settlement Trust. Wyeth has submitted a Declaration from its attorney attesting to her revocation, as well as a copy of a letter memorializing AHP's consent to such revocation. Ms. Velarde has not come forward with any evidence to refute the revocation of her initial opt-out.

Furthermore, Ms. Velarde has not made any claim that she was diagnosed with PPH. Accordingly, she has failed to make any showing that her present claims relating to injuries she allegedly sustained as a result of her ingestion of Pondimin and/or Redux are not barred by the Settlement Agreement. We will enter an Order enforcing the Settlement Agreement and Pretrial Order No. 1415 and dismissing Ms. Velarde's claims.

```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


IN RE DIET DRUGS (PHENTERMINE/     :    MDL DOCKET NO. 1203
FENFLURAMINE/DEXFENFLURAMINE)      :
PRODUCTS LIABILITY LITIGATION      :
                                   :
THIS DOCUMENT RELATES TO:          :
                                   :
JUDY VELARDE                       :
                                   :
          v.                       :
                                   :
A.H. ROBINS COMPANY, INC.,         :
et al.                             :    NO. 98-20200
                                   :
```

**PRETRIAL ORDER NO.**

      AND NOW, this 4th day of December, 2009, for the reasons set forth in the accompanying Memorandum in Support of Separate Pretrial Order, it is hereby ORDERED that:

      (1) the motion of Wyeth to enforce the Settlement Agreement and Pretrial Order No. 1415 against Class Member Judy Velarde is GRANTED; and

      (2) the complaint of Judy Velarde is DISMISSED with prejudice.

                              BY THE COURT:


                              /s/ Harvey Bartle III
                                                                 C.J.